## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLENN BOYER, as Administrator of the Estate   )
of ADELAIDE BOYER, a Minor child, and   )
LAUREN BOYER and GLENN BOYER,   )
Individually and as Parents and Natural   )
Guardians of Decedent ADELAIDE BOYER, a   )
Minor   )
8698 Olenbrook   )
Lewis Center, Ohio 43035,   )
   )
                    *Plaintiffs,*   )
v.   )
   )
WYETH PHARMACEUTICALS, INC.,
WOLTERS KLUWER HEALTH, INC.,
WOLTERS KLUWER UNITED STATES, INC.,
and PFIZER, INC.

                  *Defendants*.

### NOTICE OF REMOVAL BY DEFENDANT PFIZER INC

To:    Judges of the United States District Court
       For the Eastern District of Pennsylvania

       Defendant Pfizer Inc, by its undersigned attorneys, hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, to the United States District Court for the Eastern District of Pennsylvania.  As grounds for removal, Pfizer states as follows:

### NATURE OF THE ACTION

       1.      On or about February 9, 2012, Plaintiff Glenn Boyer, as administrator of the estate of Adelaide Boyer, a minor, and Lauren Boyer and Glenn Boyer, individually and as parents and natural guardians of decedent Adelaide Boyer, filed a Complaint in the Pennsylvania Court of Common Pleas Philadelphia Civil Division against Defendants Pfizer, Wyeth Pharmaceuticals Inc. ("Wyeth"), Wolters Kluwer Health, Inc. ("WKH"), and Wolters Kluwer United States, Inc. ("WKUS").

       2.      Plaintiffs allege that the minor child, Adelaide Boyer, was born with certain birth defects as a result of Lauren Boyer's use of Effexor while pregnant.  Plaintiffs allege that the

minor child died as a result of the birth defects they attribute to Lauren Boyer's use of Effexor. (*See* Compl. ¶¶ 4, 20, 24-25.)

3.      Plaintiffs allege that Pfizer and Wyeth knew of but failed to warn about the risk of birth defects purportedly associated with use of Effexor during pregnancy.  (*See, e.g., id.* ¶¶ 31-33.)

4.      As to Pfizer and Wyeth, Plaintiffs assert claims for (a) "Strict Product Liability – Failure to Warn" (*id.*, Count One, ¶¶ 62-74); (b) "Strict Product Liability – Design Defect" (*id.*, Count Two, ¶¶ 75-81); (c) "Negligence" (*id.*, Count Three, ¶¶ 82-91); (d) "Negligent Design" (*id.*, Count Four, ¶¶ 92-96); (e) "Fraud, Misrepresentation and Suppression" (*id.*, Count Five, ¶¶ 97-110); (f) Constructive Fraud (*id.*, Count Six, ¶¶ 111-118); and (g) "Breach of Express and Implied Warranties" (*id.*, Count Seven, ¶¶ 119-126).  As to WKH and WKUS, Plaintiffs assert claims for (a) "Negligence" (*id.*, Count Eight, ¶¶ 127-132); (b) "Strict Product Liability – Defective Design" (*id.*, Count Nine, ¶¶ 133-140); (c) "Strict Products Liability – Failure to Warn" (*id.*, Count Ten, ¶¶ 141-147); (d) "Fraud, Misrepresentation and Suppresion [sic]" (*id.*, Count Eleven, ¶¶ 148-160); and (e) "Breach of Express and Implied Warranties" (*id.*, Count Twelve, ¶¶ 161-168).    Against all Defendants, Plaintiffs assert claims for (a) Gross Negligence/Malice (*id.*, Count Thirteen, ¶¶ 169-177); (b) Loss of Consortium and Pecuniary Loss (*id.*, Count Fourteen, ¶¶ 178-181); (c) Punitive Damages (*id.*, Count Fifteen, ¶¶ 182-192); and (d) Wrongful Death (*id.*, Count Sixteen, ¶¶ 193-197).  Plaintiffs also assert a survival action. (*See id.*, Count Seventeen, ¶¶ 198-200.)

## AMOUNT IN CONTROVERSY

5.      The amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.  Plaintiffs allege that the damages in this action exceed $50,000.  (*See, e.g.*, Compl. at 59.)  It is apparent from the face of the complaint, and the serious injuries alleged, including the alleged wrongful death of the minor child, that the amount in controversy exceeds $75,000. Plaintiffs seek compensatory and wrongful death damages, as well as punitive damages.  (*See, e.g., id.* ¶ 5.)  Where, as here, a plaintiff alleges that a minor suffered serious bodily injuries,

courts have readily found that the amount-in-controversy requirement is satisfied.  *See, e.g.*, *Howlett v. Irwin*, Civ. A. No. 10-465, 2011 WL 722373, at *2 (E.D. Pa. Mar. 1, 2011); *Marie v. Sears Auto Repair Ctr.*, Civ. A. No. 10-cv-6535, 2011 WL 198465, at *3 (E.D. Pa. Jan. 20, 2011).

## PARTIES AND DIVERSITY OF CITIZENSHIP

6.      At the time this action was filed and at all times since, Plaintiffs were citizens and residents of the State of Ohio.  (Compl. ¶ 3.)

7.      At the time this action was filed and at all times since, Pfizer was and is a corporation organized under the laws of Delaware with its principal office and place of business in New York.  (*Id.* ¶ 9.)

8.      At the time this action was filed and at all times since, Wyeth was and is a Delaware corporation with its principal place of business in Pennsylvania.  (*Id.* ¶ 8.)

9.      Plaintiffs allege that WKH and WKUS are corporations organized under the laws of Delaware with their principal places of business in Pennsylvania.  (*Id.* ¶¶ 10-11.)  In fact, WKUS is a New York corporation with its principal place of business in Illinois.[1]

10.      Accordingly, there exists complete diversity of citizenship between Plaintiffs and Defendants, and pursuant to 28 U.S.C. § 1332(a), this Court has original subject matter jurisdiction because complete diversity of citizenship exists and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## REMOVAL PROCEDURES

11.      As Pfizer has not yet been formally served, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

---

[1] *See* WKUS Prelim. Objections in *Robinson v. Wolters Kluwer Health, Inc., et al.*, No. 2:11-cv-05702-RK (E.D. Pa. 9/12/2011) (attached to Notice of Removal, ECF No. 1, ¶ 8, at 3).

12.     Upon information and belief, none of the Defendants have been served.  Thus, the other Defendants are not required to join in removal.  *See Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009); *see also* 16 *Moore's Federal Practice* § 107.11[1][d] (Matthew Bender 3d ed.).

13.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders on file with the Pennsylvania Court of Common Pleas for Philadelphia County are attached hereto.

14.     A copy of this Notice of Removal is being filed with the clerk of the Pennsylvania Court of Common Pleas for Philadelphia County, as provided by law.  Written notice of removal is also being given to plaintiff, by and through her attorneys of record.

15.     Pfizer reserves the right to amend or supplement this Notice of Removal.

16.     If any question arises as to the propriety of the removal of this action, Pfizer requests the opportunity to present a brief and request oral argument in support of removal.

Respectfully submitted,

GOODELL, DEVRIES, LEECH
& DANN, LLP

Dated: February 13, 2012                    By: _Robert Limbacher_
Robert A. Limbacher, Esq. (PA ID No. 35796)
Brandon L. Goodman, Esq. (PA ID No. 209406)
One Commerce Square
2005 Market Street, Suite 1940
Philadelphia, PA 19103
Telephone: 267.765.3600
Facsimile: 267.765.3636

Attorneys for Defendant Pfizer Inc

4

## **CERTIFICATE OF SERVICE**

I, Brandon L. Goodman, hereby certify that I caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be served this day via Federal Express, postage prepaid, upon the following:

Thomas R. Anapol, Esquire
ANAPOL SCHWARZ
1710 Spruce St.
Philadelphia, PA 19103
Attorneys for Plaintiffs

Dated: February 13, 2012

Brandon L. Goodman