IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN BOYER, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 12-739 |
| WYETH PHARMACEUTICALS, INC., et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                April 25, 2012

This is a products liability case.  On February 9, 2012, plaintiffs Glenn Boyer, as Administrator of the Estate of Adelaide Boyer, and Glenn and Lauren Boyer, individually and as the parents and natural guardians of Adelaide Boyer, commenced this action by filing a complaint in the Court of Common Pleas of Philadelphia County.  According to the complaint, plaintiffs' decedent, their infant daughter, was born with birth defects and subsequently died as a result of her mother's ingestion of the anti-depressant drug Effexor while pregnant.  Defendants Wyeth Pharmaceuticals, Inc. and Pfizer, Inc. are alleged to be the manufacturers of Effexor.[1]

On February 13, 2012, Pfizer removed the action to this court, citing diversity jurisdiction, 28 U.S.C. §1332(a).  The removal occurred before any defendant had been served. Plaintiffs' memorandum, at 3.  Plaintiffs move for remand on the ground that the forum defendant rule precludes removal based on diversity jurisdiction where a defendant -

---

[1] The complaint also named as defendants Wolters Kluwer Health, Inc. and Wolters Kluwer United States, Inc.  Those parties were dismissed by stipulation on April 19, 2012.  Docket no. 21.

here, Wyeth - is a citizen of the state in which the action was filed.  Motion to remand, 2.  Plaintiffs' motion must be denied.

Plaintiffs are citizens of Ohio.  Complaint, 3.  Pfizer is a corporation organized under the laws of Delaware with a principal place of business in New York.  Complaint, 9.  Wyeth is a corporation organized under the laws of Delaware with a principal place of business in Pennsylvania.  Complaint, 8.  No challenge is made as to complete diversity of citizenship or the adequacy of the amount in controversy.  The question is procedural, not jurisdictional.  Korea Exchange Bank v. Trackwise Sales Corp., 66 F.3d 46, 50-51 (3d Cir. 1995) ("[R]emoval . . . in noncompliance with section 1441(b) does not deprive a federal court of subject matter jurisdiction")

Under 28 U.S.C. § 1332(a), this court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).  The removal statute provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added).  The forum defendant rule upon which plaintiffs rely is that "removal is improper if the defendant is a citizen of the state in which the suit is originally filed."  Allen v. GlaxoSmithKline PLC, 2008 WL 2247067, at *2, citing Korea Exchange Bank, 66 F.3d at 48.  Because "[r]emoval statutes 'are to be strictly construed

against removal and all doubts should be resolved in favor of remand,'" Boyer v. Snap-On Tool Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted), plaintiffs insists this action must be remanded.

Defendants respond that the language of the statute is plain and unambiguous - the forum defendant rule applies only where a forum defendant has already been "properly joined and served." Moreover, "the general rule that removal statutes are to be construed strictly is not sufficient to displace the plain meaning of [those statutes.]" Delalla v. Hanover Ins., 660 F.3d 180, 189 (3d Cir. 2011) (adopting later-served defendant rule for purposes of calculating removal deadline under § 1446(b))

Courts within this district have recognized the propriety of removal by a non-forum defendant where a forum defendant has not yet been served: Banks v. Kmart Corp., 2012 WL 707025. *2 (E.D. Pa., filed Mar. 6, 2012) ("Kmart, a non-forum defendant, properly removed this action in accordance with § 1441(b) because Red Maple Landscaping [a forum defendant] was not properly served prior to removal. . . . Under the unambiguous language of § 1441(b), the presence of an un-served forum defendant does not prohibit removal by a non-forum defendant in cases where complete diversity exists."); Copley v. Wyeth, 2009 WL 1089663, at *3 (E.D. Pa., Apr. 22, 2009), quoting Avandia Marketing Sales Practices and Products Liab. Litig., MDL No. 1871, No. 2009 U.S. Dist. LEXIS 15210 (E.D. Pa., Feb. 25, 2009) (denying remand where out-of-state defendant removed action before forum defendant had been served, because "'[t]he application of the forum defendant rule is different when, in an action involving multiple defendants, an out-of-state defendant removes after it has

been served, but prior to service upon any forum defendant. In that situation, the rationale behind § 1441(b) and, to some extent, the protective purpose of diversity jurisdiction, are implicated, and removal by the foreign defendant is proper.'"); Vanderwerf v. GlaxoSmithKline, PLC, 2005 WL 6151369, at *1 (E.D. Pa., filed May 5, 2005 (under the forum defendant rule, "the presence of an unserved defendant with residence in the forum state does not defeat removal where there is complete diversity of citizenship.").[2] See also McCall v. Scott, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b).") (emphasis in original).

The propriety of removal is determined as of the date of removal. See, e.g., 14B C.A. Wright, A.R. Miller, E.H Cooper & J.E. Steinman, Federal Practice & Procedure § 3723 (4th ed. 2009) ("The language of Section 1441(b) . . . implies that a diverse but resident defendant who has not been served may be ignored in determining removability.") Plaintiffs' argument as to post-removal service is incorrect.

Also, the propriety of pre-service removal has been recognized. Hutchins v. Bayer Corp., 2009 WL 192468, at *6 (D. Del., filed Jan. 23, 2009). In Hutchins, Bayer, a non-forum defendant, removed an action to the District of Delaware before it - or any other defendant, including a forum defendant - had been served with a complaint. Id. at *1. The plaintiffs' motion for remand was denied, noting that "the removal statutes expressly permit

---

[2] Courts have drawn a distinction - and granted remand - where the unserved removing party was the forum defendant. See Allen v. GlaxoSmithKline, 2008 WL 2247067, at *11-12 (E.D. Pa., filed May 30, 2008). That, however, is not the case here.

defendants to remove state court actions to federal court prior to service." Id. at *6 (citing 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.").

The pre-service removal of this action by a non-forum defendant where the forum defendant had not been served prior to removal was proper under the unambiguous language of § 1441(b).

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.